**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | |
|---|---|
| **ANTHONY W. HELMER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | **Civil Action No. 1:07-CV-203-BI** |
| § | **ECF** |
| § | |
| **MICHAEL J. ASTRUE,** § | |
| **Commissioner of Social Security,** § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the court upon Defendant's motion and brief to remand for further administrative proceedings filed July 8, 2008 (Doc. 20). Plaintiff filed a response on July 8, 2008 (Doc. 21). The United States District Judge entered an order on November 29, 2007, referring all dispositive motions in this case, including motions to remand, to the United States Magistrate Judge for a report and recommendation, findings of fact and conclusions of law, and a proposed judgment. Plaintiff refused his consent to proceed before the United States Magistrate Judge on December 17, 2007. Therefore, the court makes the following findings of fact, conclusions of law, and report and recommendation to the United States District Judge.

Defendant seeks remand under sentence four of 42 U.S.C. § 405(g), which authorizes the District Court to enter a "judgment affirming, modifying, or reversing the decision of [the Commissioner], with or without remanding the case for rehearing." *See* 42 U.S.C. § 405(g). Defendant requests that the court reverse and remand this case for further administrative proceedings because the administrative law judge ("ALJ") in this case did not properly support his decision with

substantial evidence and indicates that this case will be remanded to an ALJ to issue a new decision. Plaintiff asks that the court reverse and remand this case and further instruct the ALJ to hold a new hearing and to correct the errors noted in Plaintiff's brief.

Plaintiff filed his complaint on November 28, 2007 (Doc. 1), seeking judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits under the Social Security Act. This court has considered the motion and the response and recommends that the United States District Judge grant the Defendant's motion to reverse and remand, reverse the decision of the Commissioner, and remand this case for further administrative proceedings as set forth herein.

## I. STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and disability insurance benefits on December 30, 2004, alleging disability beginning August 1, 2004. Tr. 12, 61-65. Plaintiff's application was denied initially and upon reconsideration. Tr. 30-35, 39-43. Plaintiff filed a Request for Hearing by Administrative Law Judge on August 31, 2005, and this case came for hearing before the Administrative Law Judge ("ALJ") on October 10, 2006. Tr. 12, 28, 166-88. Plaintiff, represented by a non-attorney, testified in his own behalf. Tr. 169-87. The ALJ issued a decision unfavorable to Plaintiff on June 28, 2007. Tr. 9-20.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that: Plaintiff had met the disability insured status requirements through December 31, 2007, and Plaintiff had not engaged in substantial gainful activity at any time since August 1, 2004. Tr. 13. He found that Plaintiff has "severe" impairments, including status post an L5-S1 laminectomy, discectomy, and fusion; a right L4 hemi-laminectomy; post-operative degenerative changes of the lumbar spine; and lumbar radiculopathy. Tr. 13. He further found that Plaintiff's severe impairments, singularly or in

combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1., in particular, Section 1.04 of the Listing of Impairments. *Id*. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 14. The ALJ found that Plaintiff has medically determinable impairments that could reasonably be expected to cause the type of symptoms and pain he alleges. Tr. 15. However, the ALJ found that Plaintiff's testimony regarding the extent of his pain and his functional limitations imposed by his impairments was not entirely credible insofar as such testimony was inconsistent with, and not reasonably supported by, the evidence of record. *Id*.

The ALJ found that Plaintiff retained the RFC for a range of light work, limited by his ability to only occasionally stoop and crouch. Tr. 18. The ALJ found that Plaintiff's past relevant work as a housing inspector as he performed it or as it is generally performed in the national economy is not precluded by the RFC noted. The ALJ found that Plaintiff could perform this past relevant work. Therefore, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act at any relevant time through the date of his decision. Tr. 19-20.

Plaintiff submitted a Request for Review of Hearing Decision/Order on August 27, 2007. Tr. 7. The Appeals Council issued its opinion on September 26, 2007, indicating that although it had considered the additional evidence submitted by Plaintiff, it nevertheless concluded that there was no basis for changing the ALJ's decision and denied Plaintiff's request. Tr. 3-5. The ALJ's decision, therefore, became the final decision of the Commissioner.

## II. STANDARD OF REVIEW

An individual may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002)(citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or supplemental security income, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not under a disability because he could retained the RFC to return to his past relevant work. Tr. 19-20.

## III. DISCUSSION

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The parties in this case agree that the ALJ's decision is not supported by substantial evidence in the record and that a remand pursuant to sentence 4 of 42 U.S.C. § 405(g) is appropriate. Defendant seeks a remand "for the purpose of conducting further proceedings," indicating that this case should be remanded to the ALJ for a new decision.

Plaintiff agrees that a remand is appropriate. However, Plaintiff asks that the court instruct the ALJ that upon remand, he should conduct a new hearing, weigh the expert medical opinion evidence about the effects of Plaintiff's severe impairments on his ability to perform work activities, determine Plaintiff's RFC, proceed through the remaining steps of the sequential evaluation, and enter a new decision.

For the purpose of the motion to reverse and remand, the court accepts that the ALJ's findings were flawed. The court also accepts that the appropriate remedy is a remand for further administrative proceedings. The question is whether the court should issue an order instructing the ALJ to take specific actions beyond issuance of a new decision. Therefore, the court must determine the appropriate remedy.

Plaintiff argues in his brief that the ALJ's RFC finding that he can perform a limited range of light work is not supported by substantial evidence. Plaintiff correctly notes that the ALJ expressly rejected the opinion of Plaintiff's treating surgeon regarding the limitations imposed by Plaintiff's impairments upon his ability to perform work activity. Tr. 15-17. The ALJ also rejected the opinions of the state agency medical consultants ("SAMCs") who opined that Plaintiff could perform work at the sedentary exertional level with certain postural limitations. Tr. 18. The ALJ found that Plaintiff could perform a range of light work activity. However, the ALJ did not point to evidence in the record to support this RFC finding.

There must be evidence in the record to support the ALJ's RFC determination. The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Social Security Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record.

Because the ALJ's decision fails to indicate the evidence in the record relied upon in making the RFC assessment and given that the ALJ rejected the opinion of Plaintiff's treating surgeon regarding the limitations imposed by his impairments, rejected the opinions of the SAMCs regarding Plaintiff's ability to perform work activity, and found that Plaintiff's testimony and allegations regarding the limitations imposed by his impairments were not entirely credible, it is not clear what evidence in the record the RFC determination was based upon. Further administrative proceedings are thus necessary.

Having reviewed the transcript of the administrative record, the Plaintiff's brief, the Defendant's motion to reverse and remand, and the Plaintiff's response, it is clear that the RFC determination is not supported by substantial evidence in the record. Therefore, the decision of the Commissioner should be reversed and this case should be remanded for further administrative proceedings. The court finds that upon remand, the ALJ should further consider Plaintiff's RFC, taking into account the entire record in making the RFC assessment and further developing the record, if necessary, such as by obtaining a medical source statement or other evidence to make a

determination regarding the limitations imposed by Plaintiff's impairments and his ability to perform work-related activities, before proceeding with the sequential evaluation process.

## III. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge grant the Defendant's motion to reverse and remand and that this case be remanded for further administrative proceedings as described herein.

Plaintiff having refused consent to having the United States Magistrate Judge conduct all further proceedings in this case, this case is **TRANSFERRED** back to the docket of the United States District Judge.

## IV. RIGHT TO OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy of this document. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 10 days after being served with a copy of this document shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 3rd day of October, 2008.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**